**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| CITIZENS OF HUMANITY, LLC., <br><br>  Plaintiff, <br><br> v. <br><br> DONALD J. TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT; RODNEY SCOTT, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION; U.S. CUSTOMS AND BORDER PROTECTION; AND THE UNITED STATES OF AMERICA, <br><br>  Defendants. | No. 26-03125 |

## <u>COMPLAINT</u>

Plaintiff, Citizens of Humanity, LLC ("Plaintiff"), for its complaint against defendants Donald J. Trump (the "President"), Rodney Scott (the "Commissioner"); U.S. Customs and Border Protection ("CBP"), and the United States of America ("United States") (collectively, "Defendants"), alleges as follows:

1. This action seeks relief with respect to certain import duties that President Trump unlawfully imposed under Section 122 of the Trade Act of 1974, 19 U.S.C. § 2132 ("Section 122 Tariffs") through *Proclamation 11012 of February 20, 2026, Imposing a Temporary Import Surcharge To Address Fundamental International Payments Problems*, 91 Fed. Reg. 9,339 (Feb. 25, 2026).

2. The President's use of Section 122 under *Proclamation 11012* has been held to be invalid by a three-judge panel at the Court of International Trade. *Burlap and Barrel, Inc. v. United States*, No. 26-01606-3JP, slip. op. 26-47 (Ct. of Int'l Trade May 7, 2026); *State of*

*Oregon v. United States*, No. 26-01472-3JP (collectively *Burlap and Barrel*), appeal docketed, No. 2026-1804 (Fed. Cir.), judgment stayed, ECF No. 61.

3.    The *Burlap and Barrel* panel majority held that *Proclamation 11012* conflated "trade and current account deficits" with the statutory precondition that there must be "balance-of-payment deficits" before the imposition of tariffs. As a result, *Proclamation 11012*'s imposition of the 122 Tariffs was *ultra vires*, and thus the Court set aside the 122 Tariffs as unauthorized by law.

4.    The government appealed and the Court of Appeals for the Federal Circuit stayed the Court's final judgment.

5.    Plaintiff is an importer and seeks refund of all 122 Tariffs that it has already paid to the United States, as well as those that it may continue to pay.

6.    Plaintiff also seeks a declaratory judgment enjoining the future collection of 122 Tariffs from Plaintiff.

## **PARTIES**

7.    Plaintiff was and is the importer of record into the United States of certain products and paid 122 Tariffs incident to importation. Plaintiff also intends to continue to import products into the United States that are currently subject to 122 Tariffs, and thus, it may be forced to pay additional amounts in the future if enforcement of those tariffs is not enjoined. Plaintiff is therefore a "person adversely affected or aggrieved by agency action" within the meaning of 5 U.S.C. § 702 and 28 U.S.C. § 2631(i).

8.    Defendant Donald J. Trump is the President of the United States and is the government official who issued the unlawful proclamation challenged in this action. He is sued in his official capacity.

2

9. Defendant Rodney S. Scott is the Commissioner of U.S. Customs and Border Protection ("CBP") and is sued in his official capacity.

10. Defendant CBP is a component of the U.S. Department of Homeland Security and is responsible for collecting 122 Tariffs at the border.

11. Defendant United States of America received the duties paid by Plaintiff pursuant to the 122 Tariffs and is a statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i).

## **JURISDICTION**

12. The Court possesses exclusive subject matter jurisdiction to entertain this action pursuant to 28 U.S.C. § 1581(i). *Learning Res., Inc. v. Trump*, 146 S.Ct. 628, 637, n.1 (2026).

13. This action is timely because all claims accrued within the last two years. 28 U.S.C. § 2636(i).

14. Plaintiff has standing to bring this action because it is the importer of record for goods imported into the United States from countries subject to 122 Tariffs. As a result of CBP's application of the executive order challenged in this lawsuit, Plaintiff has paid 122 Tariffs to the United States and thus has suffered injury caused by those orders. Declaratory and injunctive relief from this Court or an award of money damages pursuant to 28 U.S.C. § 2643(a)(1) would redress those injuries.

15. The Court possesses all the powers in law and equity of, or as conferred by statute upon, a district court of the United States. 28 U.S.C. § 1585. The Court may enter a money judgment for or against the United States in any civil action commenced under 28 U.S.C. § 1581 or 28 U.S.C. § 1582 and may also order any other form of relief that is

appropriate in a civil action, including but not limited to declaratory judgments, orders of remand, injunctions, and writs of mandamus and prohibition. 28 U.S.C. §§ 2643(a)(1), (c)(1).

## BACKGROUND

16.     Following the Supreme Court's decision in *Learning Resources*, 46 S.Ct. 628, which invalidated tariffs imposed under the International Emergency Economic Powers Act, 50 U.S.C. § 1701, *et seq.*, the President issued *Proclamation 11012* to impose temporary surcharges of 10 percent *ad valorem* on imports, on the purported basis that fundamental international payment problems still exist.

17.     Section 122 of the Trade Act of 1974, 19 U.S.C. § 2132, limits the President's authority to impose such tariffs under the conditions set forth in the statute's "Balance-of-Payments Authority."

18.     *Proclamation 11012* failed to establish that the preconditions for action contemplated by Congress in 1974 existed on February 20, 2026, using the original language and meaning of the statute.

19.     In *Burlap and Barrel*, a three-judge panel of this Court held that the use of Section 122 under *Proclamation 11012* was unlawful.

20.     The *Burlap and Barrel* majority held that *Proclamation 11012*'s use of "trade and current account deficits" to stand in the place of the "balance-of-payment deficits" required by the statute renders the proclamation *ultra vires* and, as a result, the Section 122 Tariffs were unauthorized by law.

21.     The Court in *Burlap and Barrel* limited the application of its decision on summary judgment to named plaintiffs in those cases, citing *Trump v. CASA, Inc.*, 606 U.S. 831 (2025).

## DISCUSSION

### The President's Section 122 Tariffs Exceed His Statutory Authority

22.     Section 122 allows the President to impose certain import measures, including tariffs, for only three reasons: (1) "to deal with large and serious United States balance-of-payments deficits;" (2) "to prevent an imminent and significant depreciation of the dollar in foreign exchange markets;" or (3) "to cooperate with other countries in correcting an international balance-of-payments disequilibrium." 19 U.S.C. § 2132(a).

23.     *Proclamation 11012* does not identify any significant depreciation of the dollar in foreign exchange markets or any cooperation with other countries in correcting an international balance-of-payments disequilibrium. Instead, it asserts only that the 122 Tariffs are justified to deal with large and serious United States balance-of-payments deficits.

24.     No "large and serious" "balance-of-payments deficit" exists in the United States. Indeed, our current economic framework makes it impossible for this to happen as envisioned by the statute. Instead, the President attempts to redefine the term balance-of-payments deficit to mean trade deficit in goods. However, even the dissent in *Burlap and Barrel* agreed that balance of payments deficit has a different and broader meaning than trade deficit in goods. slip op. at 15 (dissent).

25.     The existence of trade deficits in goods with certain other countries does not qualify as a balance-of-payments deficit, as required by Section 122.

26.     And the existence of trade deficits in goods with some other countries is not a fundamental international payments problem, as required by Section 122.

27.    In sum, Section 122 does not empower the President to impose tariffs under these circumstances—it does not mention such a power or imply it. The President's actions thus exceed his statutory authority.

### Proclamation 11012's Redefinition of the Statute's Preconditions Results in an Unconstitutional Delegation of Congressional Power

28.    The United States Constitution provides that "Congress shall have Power To lay and collect Taxes, Duties, Imposts and Excises…" U.S. CONST. art. I, § 8, cl. 3 ("Taxing Clause"), and "[t]o regulate Commerce with foreign Nations." *Id*., cl. 3 ("Commerce Clause"). The Constitution grants this power exclusively to Congress and thus withheld it from the President. U.S. CONST. art. I, § 1.

29.    To the extent it is ever permissible under the Constitution for Congress to delegate any part of its Article I powers to the President, it must do so, at a minimum, by providing an intelligible principle to direct and cabin the President's authority. *See generally Fed. Commc'ns Comm'n v. Consumers' Rsch*., 145 S. Ct. 2482 (2025).

30.    In the Section 122 context, the Court recognized that, "if the President has the ability to select among the sub-accounts to identify a balance-of-payments deficit, unless every sub-account is balanced, the President would always be able to identify a balance-of-payments deficit." *Burlap and Barrel*, slip op. at 39.

31.    As a practical matter, the President's interpretation of Section 122 as set forth in *Proclamation 11012* identifies absolutely no intelligible principle guiding the President. Indeed, if interpreted as the government contends, Section 122 would not provide even the flimsiest of guardrails preventing the President from appropriating Congress's Article I powers to impose tariffs on all imports.

**Defendants Must Refund All Unlawfully Collected 122 Tariffs to Plaintiff**

32.     Since *Burlap and Barrel*, Defendants have continued to collect deposits of 122 Tariffs. Defendants also have not refunded any of the 122 Tariffs previously collected.

33.     The Court held that "use of trade and current account deficits to stand in the place of balance-of-payment deficits within the meaning of the statute renders the Proclamation *ultra vires*." *Burlap and Barre*l, slip op. at 46.

34.     Accordingly, continued collection and retention of 122 Tariffs falls outside the President's statutorily delegated authority and misconstrues Section 122. *Motions Systems Corp. v. Bush*, 437 F.3d 1356, 1364 (Fed. Cir. 2006) (*en banc*).

35.     And collection of 122 Tariffs has been unlawful since that statute's enactment. "The principle that statutes operate only prospectively, while judicial decisions operate retrospectively, is familiar to every law student." *United States v. Security Industrial Bank*, 459 U.S. 70, 79 (1982); s*ee also Kuhn v. Fairmont Coal Co.*, 215 U.S. 349, 372 (1910) (Holmes, J., dissenting) ("Judicial decisions have had retrospective operation for near a thousand years").

36.     In sum, *Proclamation 10112* was void *ab initio* and the Court should order CBP to refund all Section 122 Tariffs collected from Plaintiff with interest as provided by law.

**COUNT I – THE GOVERNMENT MUST REFUND SECTION 122 TARIFFS**

37.     Plaintiff incorporates paragraphs 1-36 above by reference as though set out in full.

38.     The government's collection of Section 122 Tariffs is unlawful because the President exceeded his statutory authority in issuing *Proclamation 11012*.

39.     Plaintiff respectfully requests that the Court declare *Proclamation 11012* unlawful as to Plaintiff, enjoin Defendants from enforcing it as to Plaintiff, and order reliquidation, liquidation, or immediate refunds by any other process, of all of Plaintiff's entries of merchandise for which it has or will in the future pay any 122 Tariff, and refund all 122 Tariffs collected from Plaintiff, with interest as provided by law.

## COUNT II – DECLARATORY RELIEF

40.     Plaintiff incorporates paragraphs 1-39 above by reference as though set out in full.

41.     Federal courts have the power "to declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a).

42.     Plaintiff's claims present actual controversies as to the President's statutory authority under Section 122 and the CBP's authority to implement and collect the resulting tariffs.

43.     Plaintiff is an importer of record and has suffered injury by the requirement to pay 122 Tariffs by reason of *Proclamation 11012*.

44.     This Court can exercise its equitable power to enter a declaratory judgment that *Proclamation 11012* is unlawful for any of the above reasons, and that CBP lacks authority to implement and collect the resulting duties, as to Plaintiff.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

(a) declare that the President lacks authority under Section 122 to impose tariffs relying on the bases set forth in *Proclamation 11012*;

8

(b) declare that *Proclamation 11012* is *ultra vires* and void *ab initio* with respect to Plaintiff;

(c) declare that, with respect to Plaintiff, CBP lacks authority to implement and collect any duties set out in the HTSUS that are based on *Proclamation 11012*;

(d) with respect to Plaintiff, enjoin Defendants from imposing and enforcing any tariffs set out in the HTSUS that are based on *Proclamation 11012*;

e) order the United States to refund to Plaintiff all 122 Tariffs collected on merchandise imported by Plaintiff, with interest as provided by law;

(f) award Plaintiff its reasonable costs, including attorneys' fees, incurred in bringing this action; and

(g) grant such further relief as this Court deems proper.

Date: June 23, 2026                    Respectfully submitted,

/s/  Stephen C. Tosini\
Law Office of Stephen Tosini\
1717 K St. N.W., Rm. 900\
Washington, DC 20006\
Tel.: (202) 893-0496\
E-mail: stephen.tosini@importdefense.com

*Co-Counsel for Plaintiff*

/s/ Elon A. Pollack\
Elon A. Pollack, Esq.\
Kayla Owens, Esq.\
Stein Shostak Shostak Pollack & O'Hara LLP\
445 S. Figueroa Street, Suite 2388\
Los Angeles, CA 90071\
Tel.: (213)630-8888\
E-mail: elon@steinshostak.com\
        kowens@steinshostak.com

*Co-Counsel for Plaintiff*

9